```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | Civ. Action No. L-14-5<br>Crim. Action No. L-07-1711 |
| FRANCISCO JAVIER OLVERA, JR. | § § | |

### MEMORANDUM OPINION

Pending before the Court is the Defendant's §2255 Motion (Crim. Dkt. 111) and its supporting memorandum (Crim. Dkt. 112), filed on January 13, 2014. On September 25, 2008, Defendant was sentenced to 240 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marihuana. (Crim. Dkt. 96.) He did not appeal his conviction.

In this §2255 Motion, the Defendant's sole argument is that a jury, not the Court, should have determined whether he had a prior conviction that increased his mandatory minimum sentence. (Crim. Dkt. 111, 112.) His Motion is untimely and will be dismissed.

The Defendant filed his §2255 Motion more than five years after his conviction became final. Therefore, ordinarily, his Motion would be time-barred. 28 U.S.C. §2255(f)(1). However, Defendant maintains that the Motion is timely because it relies

on a right initially recognized by a new Supreme Court decision, <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013). <u>See</u> 28 U.S.C. §2255(f)(3). In <u>Alleyne</u>, the Supreme Court overruled a previous case and held that any fact that increases a mandatory minimum sentence must be decided by a jury. <u>Alleyne</u>, 133 S.Ct. at 2155. The Court found that this result was required by <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), which held that a jury must determine any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed." <u>Alleyne</u>, 133 S.Ct. at 2160 (quoting <u>Apprendi</u>, 120 S.Ct. 2348).

However, <u>Alleyne</u> acknowledged that the Court had already "recognized a narrow exception to this general rule for the fact of a prior conviction," and the Court specifically stated that it was not revisiting that exception. <u>Alleyne</u>, 133 S.Ct. at 2160 n.1. Therefore, this "narrow exception" for prior convictions still exists. <u>See</u> <u>United States v. Fuentes-Ulloa</u>, 2013 WL 6843014, at *1 (5th Cir. 2013) (per curiam) (unpublished but persuasive) (finding that <u>Alleyne</u> did not alter the prior-conviction exception).

Here, the Defendant's sole issue that his prior conviction should have been determined by a jury falls within the narrow exception recognized by <u>Alleyne</u>. Therefore, even after <u>Alleyne</u>, the Defendant would not be entitled to a jury finding on the fact of his prior conviction. <u>Alleyne</u> thus did not create any

new right as asserted by the Defendant, and therefore does not restart the statute of limitations for bringing a §2255 motion. <u>See</u> 28 U.S.C. §2255(f)(3).

    For the foregoing reasons, the Defendant's §2255 Motion (Crim. Dkt. 111) has no merit and will be dismissed.

    DONE at Laredo, Texas, this 4th day of February, 2014.

_____
George P. Kazen
Senior United States District Judge